UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR SANBORN,<br><br>                Plaintiff,<br>    v.<br><br>MICHAELS STORES, INC. et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-01869-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court sua sponte. Because Defendant Michaels Stores, Inc. has not shown that the amount in controversy is met in this removed case, the Court orders it to show cause why this case should not be remanded for lack of subject matter jurisdiction.

      Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If at any time before final

ORDER TO SHOW CAUSE - 1

1  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
2  remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838
3  (9th Cir. 2004).

4        Removal of a civil action to federal district court is proper when the federal court would
5  have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction
6  exists over all civil actions where the matter in controversy exceeds $75,000 and the action is
7  between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s]
8  the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if
9  there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d
10 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction
11 means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts
12 as to removability are thus resolved in favor of remanding the case to state court. *Matheson v.*
13 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

14       Here, the notice of removal fails to demonstrate that the $75,000 threshold is satisfied.
15 Michaels argues that, "[w]hile Plaintiff has not pled a fixed sum of damages," "a reasonable person
16 would conclude that the Plaintiff is seeking damages in excess of the minimum jurisdictional
17 amount of $75,000" based on the nature of her claims. Dkt. No. 1 at 2–3. But it is not clear from
18 the face of the complaint that this is true. In her complaint, Plaintiff Starr Sanborn alleges that she
19 tripped over an endcap at a Michaels store and fell, resulting in "serious injuries," "including but
20 not limited to fracture of her humerus." Dkt. No. 1-2 at 4. She avers that she has incurred
21 "reasonable and necessary medical expenses," "present and future wage loss and loss of future
22 earning capacity," and "physical and emotional pain and suffering in an amount to be proven at
23 time of trial." *Id.* at 7. She does not quantify any of this alleged harm.

24

ORDER TO SHOW CAUSE - 2

1 | Michaels' conclusory assertion that "a reasonable person would conclude that the Plaintiff is seeking damages in excess of the minimum jurisdictional amount of $75,000" does not adequately establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a)(1); 1442(c)(2); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) ("Conclusory allegations as to the amount in controversy are insufficient.") (citation modified). Nor is it clear from the face of the complaint that the amount in controversy is met. Accordingly, within 14 days of the date of this Order, Michaels is ORDERED to SHOW CAUSE why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

Dated this 31st day of October, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3